59 So.2d 862 (1952)
DADE COUNTY
v.
OVERSTREET et al.
Supreme Court of Florida, en Banc.
July 11, 1952.
Hudson & Cason and Francis G. Rearick, Miami, for appellant.
Weintraub, Martin & Schwartz, Miami, for Earnest Overstreet, Dade County, Florida, Tax Collector.
Durant & Durant, Miami, for Marvin Rauzin et al.
CHAPMAN, Justice.
Dade County, on February 6, 1952, filed its bill of complaint in the Circuit Court of said county against Earnest Overstreet, as Tax Collector of Dade County, praying for injunctive relief. It was alleged that Marvin Rauzin, Shirley Rauzin, Joel Rauzin and Esther Rauzin had applied to the Tax Collector for the issuance of an occupational license as vendors of intoxicating liquor at retail at premises located at 7506 N.W. 17th Avenue, Dade County, Florida, the same being for the transfer to said location of a license for the operation of a package store. It was alleged that the proposed location, 7506 N.W. 17th Avenue, Dade County, is outside the corporate limits of any municipality situated in Dade County. The proposed location, it was alleged, is within 2500 feet of a public school and *863 two church buildings. The Board of County Commissioners of Dade County, by an appropriate resolution, zoned the areas of Dade County and thereby established the locations where whiskey could be sold outside of the several municipalities situated in said county.
It was further alleged that the defendant-appellee, as Tax Collector of Dade County, would issue an occupational permit to the above named Rauzins for the sale of intoxicating liquors at 7506 N.W. 17th Avenue, contrary to the zoning resolution then in full force and effect as adopted by the Board of County Commissioners of Dade County, if not restrained by an appropriate order of said court. The prayer was for the issuance of a restraining order restraining the Tax Collector from issuing to the above named Rauzins, or to any or either of them, an occupational license to sell intoxicating liquors at 7506 N.W. 17th Avenue, a location situated in Dade County and controlled by the resolution adopted by the Board of County Commissioners of said county.
It appears by the record that the Circuit Court of Dade County, on February 6, 1952, issued a temporary restraining order against Earnest Overstreet, as Tax Collector of Dade County, which restrained the issuance to Marvin Rauzin, Shirley Rauzin, Joel Rauzin and Esther Rauzin, or any or either of them, of an occupational license for the sale at retail of intoxicating liquors at 7506 N.W. 17th Avenue, Dade County, Florida. An order was entered below permitting Marvin Rauzin, Shirley Rauzin, Joel Rauzin and Esther Rauzin to intervene as parties defendant in said cause.
The four Rauzins moved the Court to dismiss the bill of complaint upon the ground that it failed to state a claim upon which relief could be granted,  likewise, on the several grounds set out in their motion to dissolve the temporary restraining order as previously entered by the Chancellor. The grounds for dissolving the injunction are viz.: (1) the matter sought to be litigated in the cause had already been adjudicated by the Supreme Court of Florida contrary or adversely to the contentions of Dade County; (2) the judgment entered by the Supreme Court of Florida fixing the status of the location sought to be licensed has been formerly adjudicated by a court of competent jurisdiction and, as a matter of law, precludes a further prosecution by Dade County, Florida, of the case at bar; (3) made a part of the motion to dissolve was (a) the petition for an alternative writ of mandamus by the four Rauzins against Schott, as Beverage Director; (b) the issuance by the Supreme Court of Florida of an alternative writ of mandamus on January 28, 1952; (c) the return as filed by the Beverage Director to the alternative writ of mandamus as previously issued by this Court. The petition was subsequently amended and briefs of counsel filed in the cause were incorporated in the motion to dissolve. The Chancellor granted the motion to dissolve and dismissed the bill of complaint. Dade County appealed.
Section 561.44(2), F.S.A., grants to the Board of County Commissioners of the several counties of Florida, by an appropriate resolution, the power and authority to establish zones or areas in the territory lying without the limits of incorporated towns and cities wherein the location of a vendor's place of business licensed under the Act may be permitted to operate no license under Sub-section 3 to 8, inclusive, of Section 561.34 shall be granted to a vendor in the territory lying without the limits of incorporated cities or towns whose place of business is within 2500 feet of an established church or school (which distance shall be measured by following the shortest route of ordinary pedestrian travel along the public thoroughfare from the main entrance of said place of business to the main entrance of the church; and in the case of a school to the nearest point of the school ground in use as a part of the school facilities). Dade County had additional power or authority to zone areas applicable to the sale of intoxicating liquors situated outside the municipalities in Dade County. See Chapter 17833, Acts of 1937, Laws of Florida; Chapter 24161, Acts of 1947, Laws of Florida; Chapter 25184, Acts of 1949, Laws of Florida, F.S.A. § 561.441.
*864 In the mandamus proceeding against Schott, as State Beverage Director, filed in this Court by Marvin Rauzin, Shirley Rauzin, Joel Rauzin and Esther Rauzin, is a certified copy of Zoning Resolution No. 4166 purported to have been adopted and passed by the Board of County Commissioners of Dade under date of February 13, 1951. Pertinent here are Sections A, B, C, D, E and F of the aforesaid resolution. The power or legal authority of the Board of County Commissioners to pass and adopt Resolution No. 4166 is not challenged on this record. It is contended, however, that the status of the location at 7506 N.W. 17th Avenue, where appellees seek a license to operate as vendors of intoxicating liquors, is within a certain exception of Section 561.44, F.S.A., and the Board of County Commissioners is without power to regulate the location by resolution.
It is true that the prayer of the petition for an alternative writ filed here, as well as the alternative writ issued thereon, sought an adjudication of the application for a transfer of license No. 1656 to the relators in mandamus for use at a location known as No. 7506 N.W. 17th Avenue, Dade County, Florida. The alternative writ issued and was served on the State Beverage Director, and pursuant thereto he made a return and set forth that on January 29, 1952, he, as Beverage Director, approved the application of the four Rauzins (relators) for the transfer of license No. 1656 to them for use at location known as 7506 N.W. 17th Avenue, Dade County, Florida. As the writer studies our records in the mandamus proceedings, no steps or other action have been taken therein since the Beverage Director answered or complied with the commands of the alternative writ. No final judgment was entered in the cause. See McNally v. State ex rel. Bond Realization Corp., 112 Fla. 434, 150 So. 751. We have never adjudicated or placed at rest the issues presented by the Petition in the case at bar. We simply held that the petition for an alternative writ of mandamus stated a prima facie case.
Section 561.15, F.S.A., provides that liquor licenses shall issue only to persons of good moral character, who have not been convicted of any offense involving moral turpitude and who are not less than 21 years of age. Licenses to corporations shall issue only to corporations whose directors and officers are persons of good moral character and who have not been convicted of any offense involving moral turpitude. Section 561.16 provides that no person under sentence or parole and no person now a fugitive charged with the violation of the prohibition laws of the State of Florida or the United States shall be granted a license to manufacture, sell or distribute alcoholic beverages. No license, under the beverage law, shall issue within two years to any person after such conviction or to any person who shall have been convicted of the violation of the Beverage Act, or to any corporation whose officers or directors have been convicted of violating the Beverage Act.
Section 561.17 provides that any person desiring to engage in the business of manufacture or sale of alcoholic beverages shall file under oath with the Tax Collector a written application for a license to operate such a business. The application shall state the character of the business to be engaged in, the address of the existing building, where it is to be located and the kind of license desired. The application shall give the names and addresses of all persons interested in the proposed business, and, if such persons are within the definition of those persons described in Sections 561.15 and 561.16, then said application must be denied. Section 561.18 makes it the duty of the Tax Collector to file with the State Beverage Director the aforesaid application or applications. Section 561.19 makes it the duty of the Beverage Director to either approve or disapprove all applications for licenses to sell alcoholic beverages. If the application is approved, it is returned to the County Tax Collector who, in turn, is required to inform or advise the applicant.
Section 561.32 authorizes the transfer of licenses issued under the provisions of the beverage law. When a licensee shall have made a bona fide sale of the business which he is so licensed to operate, *865 he may obtain a transfer of such license to the purchaser of such business: provided the application of the purchaser shall be approved by the Director in accordance with the provisions of Sections 561.18 and 561.19; provided further that no one shall be entitled, as a matter of right, to a transfer of a license when revocation or suspension proceedings have been instituted against a licensee, and transfer of a license in any such case shall be within the discretion of the Director. It will be observed that the foregoing statutes confer on the State Beverage Director discretion and authority to approve or disapprove, according to statutory requirements, applications for licenses to manufacture or sell intoxicating liquors.
When the above cited provisions of the Beverage Act are read in pari materia with the several provisions of Section 561.44, it is quite clear that the Legislature never intended to confer on the State Beverage Director the power or authority to examine into charter provisions of the several municipalities of Florida and determine therefrom whether or not zoning ordinances were enacted in accordance therewith, or the power to examine into the several Acts applicable to counties of Florida and ascertain whether or not zoning resolutions adopted by the several Boards were enacted pursuant to law. It may be true that the Beverage Director, under the provisions of the Beverage Act, has the power not only to approve applications for licenses to sell intoxicating liquors, but also to approve a transfer of an existing license to locations within the municipalities or without, if in conformity with existing zoning measures enacted by the municipalities and the several counties.
The proposed location of a liquor store, or the correct distance of the same from a church or school, or similar questions under the Statutes or under zoning ordinances or resolutions of a County or City, should be challenged on the ground that such Statutes, ordinances or resolutions with reference thereto are illegal or unconstitutional; the same should not and cannot be adjudicated by the Beverage Director, or any other Board or Bureau, as these are clearly judicial questions for determination by the Circuit Courts under Section 11 of Article V of the Constitution of Florida, F.S.A. The Director is not a judicial officer authorized to determine these questions. He may and should perform the ministerial duty of making measurements or investigations of locations to ascertain whether or not the locations would violate the statutes or zoning ordinances or resolutions. See Pickerill v. Schott, Fla., 55 So.2d 716.
The decree of dismissal is hereby reversed, with directions for further proceedings in the Circuit Court not inconsistent with the views herein expressed.
TERRELL, ROBERTS and MATHEWS, JJ., concur.
SEBRING, C.J., and THOMAS and HOBSON, JJ., agree to conclusion and judgment.