THORNAL, Justice
(concurring specially in judgment of reversal).
I agree that the decree should be reversed for the following reasons:
(1) An examination of the original record in this Court in the case of Dade County v. Overstreet, Fla., 59 So.2d 862, and in the mandamus proceeding originated in this Court as Marvin Rauzin v. Schott, as Di *510 rector of the State Beverage Department, reveals all of the elements necessary to constitute a former adjudication of the issues presented again on this appeal. Therefore,. I am of the view that the doctrine of res adjudicata is applicable and that the ap-pellees were barred from re-litigating the issues tendered by the appeal.
(2) The County Commissioners of Dade County had full authority to adopt the zoning restriction in question and it controls the appellees as against the contention that appellees are within the exceptions provided by sub-paragraphs (2) and (S), F.S. Section 561.44, F.S.A. I am of the view that so-called sub-paragraph (5) of F.S. Section 561.44, F.S.A., Chapter 25104, Acts of 1949, effective May 18, 1949, was repealed by a later act, Chapter 25359, Acts of 1949, effective June 13, 1949. No revision of the Florida Statutes has ever included so-called sub-paragraph (5) of F.S. Section 561.44, F.S.A., as a part of the Statutory Revision.
Furthermore, F.S. Section 561.441, F.S.A., Sections 1 and 2 of Chapter 25184, Acts of 1949, effective May 30, 1949, is adequate additional authority to the County Commissioners of Dade County to adopt the zoning regulation to which appellees object.
While mandamus may have been a more appropriate proceeding, and the propriety of using F.S. Chapter 87, F.S.A., in the instant case in lieu of mandamus is certainly questionable, I would not reverse this particular case on this ground because of the broad ■ provisions of F.S. Section 87.12, F.S.A.