MURPHREE, Associate Justice
(dissenting).
As I see it, the question in this caseris whether the zoning resolution of Dade County promulgated under authority of chapter 17833, Laws of Florida 1937, fixing the distance of liquor stores at 2,500 feet from churches and schools outside of .municipalities, shall control as to the location of appellees’ proposed package store, rather than the lesser distance as determined according to the provisions of F.S. § 561.44 (2), F.S.A., Laws of 1949, c. 25359, § 15. The said 1937 Act is a general zoning law authorizing counties having a population in excess of 180,000 to pass regulations as tc the location and use of buildings, structures and land, for trade, industry or other specific use, without particular reference to the regulation or zoning of places of business where alcoholic liquors may be sold. On the other hand, the later enacted Florida statute 561.44(2), Laws of 1949, 'c. 25359, § 15, expressly authorized counties to enact zoning regulations pertaining to places where alcoholic liquors may be sold, and contains certain limitations, with'respect to distances of such éstablishments from schools and churches. It seems to me, therefore, ’ that the zoning resolution in question must yield to the provisions of 561.44(2) under the principle that where1 laws pertaining to the same subject cannot be reconciled, a subsequent specific Act will operate as an exception to an earlier general Act. 50 Am.Jur. 562,. sec. 561.
Appellant takes the position that as between the parties here the very same question presented by this appeal has already been decided adversely to the contention of appellees, in the case of Dade County v. Overstreet, Fla., 59 So.2d 862, and, therefore, is now res adjudicata. From á study of the opinion'in that case it does not appear to me that the matter has heretofore been finally determined.
I would affirm the ruling of the lower court on the merits of the case and do not fávor a reversal because F.S. chapter 87,' F.S.A., was the remedy employed instead of mandamus.