515 So.2d 1009 (1987)
GULF COAST HOME HEALTH SERVICES OF FLORIDA, INC., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Beverly Enterprises  Florida, Inc. d/b/a Beverly  Gulf Coast Florida, Inc. (Pasco County), Appellee.
No. BP-17.
District Court of Appeal of Florida, First District.
September 11, 1987.
Rehearing Denied December 8, 1987.
*1010 Leonard A. Carson, James W. Linn and Bruce A. Leinbeck of Carson & Linn, Tallahassee, for appellant.
Sam Power and Lesley Mendelson, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee/Health and Rehabilitative Services.
NIMMONS, Judge.
This is an administrative appeal from a final order of the Department of Health and Rehabilitative Services (HRS), denying Gulf Coast's Petition to Intervene or, Alternatively, Petition for a Formal Administrative Hearing, pursuant to Section 120.57, Florida Statutes and Fla. Admin. Code Rule 28-5.207. We affirm.
Beverly Enterprises  Florida, Inc. (Beverly) made application to establish a Medicare-certified home health agency in Pasco County, HRS District 5, a district served by Gulf Coast. In a preliminary free-form action, HRS denied Beverly's CON application. On August 13, 1985, Beverly requested an administrative hearing to challenge HRS's denial of its application. HRS referred Beverly's petition to the Division of Administrative Hearings (DOAH). HRS published notice of this litigation in the August 30, 1985 issue of the Florida Administrative Weekly.
Before DOAH had scheduled the final hearing, HRS entered into a stipulation (undated) with Beverly whereby HRS agreed to issue the CON. In the stipulation HRS recited that it had re-evaluated its original position with respect to the need for home health agencies in District 5 and had determined that there was a need for the home health agency proposed by Beverly. The parties further agreed in the stipulation that there were no remaining issues of fact or disputes of law left to be determined.
On May 30, 1986, HRS and Beverly submitted to DOAH a joint motion for remand of the case from DOAH to HRS. The DOAH hearing officer issued an order dismissing Beverly's petition and closing the DOAH case concerning Beverly's home health CON application. The case was then remanded to HRS.
On June 20, 1986, before HRS issued its final order on Beverly's CON application, Gulf Coast filed with HRS its Petition to Intervene or, Alternatively, Petition for Formal Administrative Hearing to challenge HRS's reversal of position on Beverly's CON application. HRS denied Gulf Coast's petition for a Section 120.57 hearing on the basis that it was untimely. Gulf Coast appealed to this Court pursuant to Section 120.68, Florida Statutes.
Substantially affected persons have a right to seek relief under the Administrative Procedure Act from an HRS decision granting or denying a CON. Section 381.494(8)(e), Florida Statutes (1985).[1] The question in the present case is whether appellant timely exercised this right and, if not, whether the untimely exercise thereof is excusable. See NME Hospitals, Inc. v. Department of Health & Rehabilitative Services, 492 So.2d 379 (Fla. 1st DCA 1985).
*1011 As required in Capeletti Brothers, Inc. v. State, Department of Transportation, 362 So.2d 346, 348 (Fla. 1st DCA 1978), the substantially affected person must be provided with a "clear point of entry, within a specified time period after some recognizable event in investigatory or other freeform proceedings, to formal or informal proceedings under Section 120.57." Moreover, that point of entry must not be so remote from the agency action as to be ineffectual as a vehicle for affording a party whose substantial interests are or will be affected by agency action a prompt opportunity to challenge disputed issues of material fact in a Section 120.57 hearing. General Development Utilities, Inc. v. Florida Department of Environmental Regulation, 417 So.2d 1068, 1070 (Fla. 1st DCA 1982).
In the present case, Gulf Coast was afforded such a "clear point of entry" by way of the "Notice of Litigation" published by HRS in the August 30, 1985 issue of Florida Administrative Weekly. That notice provided as follows:
NOTICE OF LITIGATION
The Florida Department of Health and Rehabilitative Services has received the following petitions for administrative hearings as of the close of business on August 21, 1985, concerning certificate of need (CON) decisions. A brief description of these projects is listed below. Resolutions of these requests for hearing by way of a grant or denial of the certificates of need at issue will determine substantial interests of persons. Those persons whose substantial interests may be determined by these proceedings, including settlements, grants and denials, are advised to govern themselves accordingly and may wish to exercise rights including intervention. See Chapter 120, F.S. as well as Section 28-5.111 and 28-5.207, F.A.C. In deference to the rights of substantially affected persons DHRS will not settle or otherwise reach a final resolution of these matters for a period of 30 days from the date of this publication. (e.s.)
Gulf Coast has argued that this notice was not "meaningful" or sufficient to provide it with a clear point of entry into the administrative review process because the notice did not state what policy HRS was going to utilize in making subsequent agency decisions.[2] However, to provide a person with a clear point of entry, HRS is not required to give notice of what policy it is going to use in its decision-making. Notice is "meaningful" or adequate to provide one with a clear point of entry into the administrative review process as long as it satisfies the standards articulated in Capeletti and General Development Utilities Inc., supra.
The notice in the present case satisfied these standards. It provided Gulf Coast with a clear point of entry to proceedings under Section 120.57 after HRS's preliminary free-form action in denying Beverly's CON application. This point of entry placed all substantially affected persons on notice that Beverly's CON application had been denied, a hearing had been requested, the possibility of settlement existed, and HRS would not settle the case for a period of 30 days from the date of publication.
Moreover, such notice is not "so remote from the agency action as to be ineffectual as a vehicle for affording" appellant "a prompt opportunity to challenge disputed issues of material fact in a Section 120.57 hearing." General Development Utilities, Inc., supra at 1070. If Gulf Coast had availed itself of its clear point of entry in a timely fashion, it could have presented its challenge to HRS's policy. But Gulf Coast failed to do so. Gulf Coast neither petitioned for a Section 120.57 hearing nor sought to intervene pursuant to Fla. Admin. Code Rule 28-5.207, in the formal administrative review initiated by Beverly within the 30-day period prescribed by the notice. *1012 Hence, Gulf Coast waived its right to administrative review.
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] That section provides as follows:

(e) An applicant or a substantially affected person who is aggrieved by the issuance, revocation, or denial of a certificate of need shall have the right, within not more than 30 days from the day of notice of the issuance, revocation, or denial of such certificate by the department, to seek relief according to the provisions of the Administrative Procedure Act and to seek judicial review of decisions resulting from hearings under the Administrative Procedure Act. In such judicial review, the court must affirm the decision of the department unless the decision is found to be arbitrary, capricious, or not in compliance with this act.
[2] Gulf Coast has conceded that in all other respects the Notice of Litigation provided a sufficient point of entry.