# PARKER, et al. v DEPARTMENT OF BUSINESS REGULATION, etc.

Case No. 88-6137

State of Florida, Division of Administrative Hearings

January 19, 1989

## APPEARANCES OF COUNSEL

**Edward S. Stafman,** for petitioners.

**Harry Hooper,** for respondent.

## OPINION OF THE COURT

VERONICA E. DONNELLY, Hearing Officer.

### RECOMMENDED ORDER

Pursuant to notice, a formal administrative hearing and a rule challenge proceeding were heard on December 23, 1988, at Tallahassee, Florida, before Veronica E. Donnelly, a duly designated Hearing Officer of the Division of Administrative Hearings.

■■■■■

On December 6, 1988, the Petitioners, Scott Parker and Scandals of Panama City Beach, Inc. (hereinafter Parker and Scandals), filed a petition for a formal Section 120.57 administrative hearing to contest the Respondent, Department of Business Regulation, Division of Alcoholic Beverages and Tobacco's (hereinafter DABT) refusal to accept the Petitioners' two applications for an alcoholic beverage license. The Petitioners contend that the applications should have been accepted and approved by the Respondent because the applications meet all of the requirements the Respondent is entitled to require by rule and statute. This petition was amended on December 19, 1988, to include the Petitioners' third application, which the Respondent intends to disapprove if the county does not approve the zoning of the location.

Pursuant to agreement, the formal Section 120.57 administrative hearing was consolidated with the rule challenge proceeding which had been filed by the Petitioners against the Respondent. As the hearing officer has final order authority in the Section 120.54 rule challenge proceedings and recommended order authority in the Section 120.57 formal administrative hearing, the orders are filed separately.

Prior to hearing, the parties stipulated to all of the material facts which will constitute the findings of fact in this proceeding. The only disputed facts involve the agency's Emergency Rule 7A-5.700, F.A.C. This emergency rule is not part of the subject matter addressed in this Recommended Order. The parties agreed to defer hearing on the emergency rule until after the Final Order is entered on the other matters address in Case No. 88-5018R, and the Recommended Order in Case No. 88-6137 is filed by the hearing officer.

During the evidentiary portion of the consolidated proceedings, each party called one witness. The Petitioners submitted sixteen exhibits which were admitted into evidence. The Respondent submitted ten exhibits which were also admitted into evidence. Both parties submitted proposed recommended orders on the disputed issues of law. As there is no need for rulings by the hearing officer on the factual matters, the joint stipulation of facts will be attached to the Recommended Order, and no rulings will be made by the hearing officer upon them.

## ISSUES

1. Whether the Petitioners are entitled to a transfer of the quota license they attempted to apply for in their initial application.

2. Whether the Petitioners are entitled to an alcoholic beverage license for a restaurant based upon their second application.

3. Whether the Petitioners are entitled to an alcoholic beverage

**229**

license based upon their third application in spite of the county's refusal to approve the zoning of the proposed location until a pending declaratory judgment before the circuit court is resolved.

4. Whether the Respondent is estopped to deny any of the applications because of the representations made by a field agent for the agency that to his knowledge, there were no problems at the proposed location.

## FINDINGS OF FACT

The joint stipulation of facts entered into by the parties on December 21, 1988, are adopted as the findings of fact in this proceeding. A copy of the stipulation is attached and made part of this Recommended Order.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction over the subject matter of and the parties to these proceedings pursuant to Section 120.57(1), Florida Statutes.

The first issue to be resolved is whether the Petitioners are entitled to a transfer of the quota license which is held by Phillip Griffiths. The stipulated facts in this case reveal that a contract for the purchase of this license was entered into between the Petitioners and Mr. Griffiths. This contract was later rescinded by Mr. Griffiths.

The transfer of alcoholic beverage licenses is governed, in pertinent part, by Section 561.32(1), Florida Statutes, which provides:

(1) Licenses issued under the provisions of the Beverage Law shall not be transferable except as follows:

(a) When a licensee has made a bona fide sale of the business which he is so licensed to conduct, he may obtain a transfer of such license to the purchaser of the business, provided the application of the purchaser is approved by the division in accordance with the same procedure provided for in §§ 561.17, 561.18, 561.19, and 561.65.

This statute mandates that the only person who can obtain a transfer of an alcoholic beverage license is the licensee who actually holds the license. Accordingly, the Petitioners do not have a legally recognized right to unilaterally apply for the transfer of a license which they do not own. When the owner of the quota license chose to rescind the contract with the Petitioners, he also chose not to seek a transfer of his quota license. As a result, the Petitioners do not have standing before the Respondent to seek a transfer of this quota license on their own behalf, contrary to the wishes of the current holder of the license. See

230

*Agrico Chemical Co. v Department of Environmental Regulation,* 406 So.2d 478 (Fla. 2d DCA 1981).

The fact that Mr. Griffiths no longer wishes to transfer his quota license to the Petitioners, and the legal conclusion that Mr. Griffiths is the only person who "may obtain a transfer" of the license under Section 561.32(1)(a), Florida Statutes, result in a determination that the Petitioners are not entitled to acceptance and approval of their initial application for a transfer of a quota alcoholic beverage license.

The second issue to be resolved is whether the Petitioners are entitled to an alcoholic beverage license for a restaurant based upon the contents of their second application.

According to the stipulated facts in this case, the Petitioners modified their first application to seek a restaurant license as opposed to a quota license once Mr. Griffiths rescinded the contract for purchase of the quota license. The Respondent refused to accept this second application because Section II 2 of the application, entitled "zoning," did not contain a statement of zoning approval from the county. The Respondent would not accept the application because it was incomplete. The reason given by the Respondent for its refusal to accept the application was that the application was incomplete, and could not be accepted pursuant to Section 301 and 302 of the agency's policy manual for field officers.

The Respondent agency's refusal of the second application for a beverage license because the application was incomplete was improper because Section 301 and Section 302 of DABT's policy manual are invalid rules to the extent that they defined a "completed application" and the agency's right to refuse an application as "incomplete" because of the applicant's failure to provide evidence of county zoning approval. See *John Harry Michaels v DABT,* DOAH Case No. 88-3977R (Final Order dated October 18, 1988); *Scott Parker and Scandals of Panama City Beach, Inc. v DABT,* DOAH Case No. 88-6018R (Final Order dated January 19, 1989).

However, the fact that the reasons given by the DABT for its refusal to accept the second application were based on invalid, unpromulgated rules does not, by necessity, invalidate the underlying policy. *Gulf Coast Home Health Services of Florida, Inc. v State, Department of Health and Rehabilitative Services,* 515 So.2d 1009 (Fla. 1st DCA 1987); *McDonald v Department of Banking and Finance,* 346 So.2d 569 (Fla. 1st DCA 1977).

Under *McDonald, supra,* an agency policy which is an "invalid rule" because it had never been through Section 120.54 rulemaking proceed-

ings, would only be an invalid rule. The status of a policy as an invalid rule would not cause the policy to be deemed invalid on that fact alone because, under *McDonald* and its progeny, the agency could still apply its policy in 120.57 proceedings ". . . provided the agency explicates, supports or defends such policy with competent substantial evidence on the record in such proceedings." *Gulf Coast, supra.*

Proper zoning for the location at which a beverage license is to operate is a prerequisite the applicant must obtain before a license will be issued by the Division. *Hillsborough County Liquors, Inc., d/b/a Hillsborough County Liquors v Department of Business Regulation, Division of Alcoholic Beverages and Tobacco,* DOAH Case No. 87-1679 (August 7, 1987).

The Respondent has the authority to investigate the applicant and the location of a business under Section 561.18, Florida Statutes. Although the Petitioners have chosen a physical site where they intend to sell alcoholic beverages, they do not have an actual location because the county, which has zoning authority, will not grant its approval of the site as a location where alcoholic beverages may be sold in Bay County. As a license approval without a proper location would be meaningless, it appears that Section 561.18, Florida Statutes, inherently requires that prior zoning approval be obtained by an applicant.

The Respondent's non-rule policy which requires that an applicant comply with applicable zoning ordinances, even if those ordinances are county ordinances instead of municipal ordinances, is a valid agency policy which was defended in the formal Section 120.57 administrative hearing by the DABT through the use of statutory interpretation and existing case law, as required by *McDonald.*

In Attorney General's Opinion 076-98, dated April 30, 1976, the DABT, which was then known as the Division of Beverage, questioned whether it has the authority to disprove an application for a liquor license on the ground that the location violates county zoning restrictions. The DABT further questioned whether an application can be disapproved on the ground that the location of the business violates a special act of the Legislature establishing the distance limitations between liquor vendors and churches.

This opinion directly relates to this case because the Petitioners seek a beverage license in spite of Bay County's decision to withhold approval until the declaratory judgment filed in circuit court on the issue of zoning approval is resolved. The declaratory judgment seeks a judicial ruling on the question of whether the local ordinance on the distance between churches and liquor vendors applies in the Petitioners' request for zoning approval from the county.

232

In the opinion, the Attorney General opined that the Beverage Law in Chapters 561-568, Florida Statutes, ". . . appears to contemplate that liquor vendors' licenses should not be issued to persons who are otherwise precluded from selling alcoholic beverages at the location sought to be licensed." The opinion confirmed that counties have the authority to establish, coordinate, and enforce zoning as to the location of liquor vendors in relation to churches, pursuant to Section 125.01(h), Florida Statutes. This authority is augmented by Section 125.01(o), Florida Statutes, which allows counties to establish and enforce regulations for the sale of alcoholic beverages, pursuant to general law. In deciding these questions, the Attorney General applied the following rationale:

> To conclude otherwise would lead to the anomalous situation in which a prospective liquor vendor may be prohibited by . . . county zoning regulations from operating his place of business at a certain location, but may not be denied a liquor vendor's license on that ground by the Division of Beverage.

In *Dade County v Overstreet*, 59 So.2d 862 (Fla. 1952), the Florida Supreme Court considered the question of whether the Director of DABT can cause a beverage license to be issued to an applicant if the location where alcohol is to be sold does not comply with a county ordinance which requires that a certain physical distance exist between a liquor vendor and a church. The Court answered this question in the negative, and reasoned that to rule otherwise would be contrary to the intent and purpose of the Beverage Law.

Based upon the DABT's interpretation of existing law and the requirement that a long-standing interpretation of a statute by an agency is entitled to great weight, the denial of the second application on the basis that the Petitioners' did not have zoning approval from Bay County is proper. *Dept. of Environmental Regulation v Goldring*, 477 So.2d 532, 534 (Fla. 1985); *Natelson v Dept. of Insurance*, 454 So.2d 31 (Fla. 1st DCA 1984).

The third issue to be decided is whether the Petitioners are entitled to an alcoholic beverage license based upon the third application which reflects that the county has filed for a declaratory judgment in circuit court to determine the applicability of County Ordinance No. 74-6 to the Petitioners' proposed business location.

According to the factual stipulation, the ordinance in question requires that any establishment selling alcoholic beverages be located at least 1000 feet from any church, measured from front door to front door by ordinary route of pedestrian traffic. A declaratory judgment

had not issued from the circuit judge prior to the time that the formal Section 120.57 administrative hearing was held in this case.

In *Overstreet, supra,* the Director of DABT approved the issuance of a state beverage license to applicants who had chosen a location for a package store which did not comply with the county's zoning ordinance regarding the required distance between a package store, a school, and two churches. After the Director ordered a local tax collector to issue the license, the county commission filed for an injunction to restrain the issuance of the liquor license because the proposed location was in violation of the county's zoning resolution. In its consideration of the case, the Florida Supreme Court decided that the Director of the DABT did not have the authority to make a determination on the zoning issue. The DABT and the local tax collector could not go forward with the approval and issuance until the circuit court ruled on the issue of whether or not the proposed location for the liquor store complied with the county zoning ordinances. The Court ruled that the zoning matter was a judicial question for determination by circuit courts under Article V of the Constitution of Florida, and could not be adjudicated by the Director of the DABT. Until the circuit court resolved the matter, the license process was held in abeyance.

Based upon the Florida Supreme Court's decision in *Overstreet,* the Respondent does not have the authority to approve an application for an alcoholic beverage license which involves a county zoning dispute. The zoning matter is a judicial question for determination by the circuit court. As the Petitioners' zoning issue is currently in litigation, the precedent of *Overstreet* should be followed. The current application should be held in abeyance until the circuit court resolves the matter.

The final issue to be considered is whether the Respondent is estopped to deny any of the applications for a beverage license submitted by the Petitioners because of representations made by a field agent to the Petitioners about the suitability of the proposed location for use as a lounge. The stipulated facts show that the Petitioner Parker asked Melvin Jackson, an employee of the DABT, whether he was aware of any problem that might be encountered in obtaining a liquor license for the premises located at 8014 W. Highway 98, Panama City Beach, Florida. Mr. Jackson told Mr. Parker that there were no problems of which he was aware.

An application for a license or permit carries the "ultimate burden of persuasion" of entitlement throughout all proceedings. *Florida Department of Transportation v J.W.C. Co., Inc.,* 396 So.2d 778 (Fla.

1st DCA 1981); *Balino v Department of Health and Rehabilitative Services,* 348 So.2d 349 (Fla. 1st DCA 1977); *Astral Liquors v St., Dept. of Business Reg.,* 432 So.2d 93 (Fla. 3d DCA 1983).

This burden is an evidentiary one which cannot be shifted to the agency based upon a statement by an agency employee who was not authorized to bind the agency, who did not represent that he was able to bind the agency, and who made a statement of his own personal knowledge about historical conditions, as opposed to the status of any current application made by the Petitioners which was pending before the agency.

Section 561.07, Florida Statutes, sets forth the powers and duties of employees of the DABT. Nowhere within this statute is an employee given the authority to approve or disapprove an application. Section 561.19(1), Florida Statutes, clearly grants the authority to approve or disapprove an application to the Division. The Petitioners' contention that the principles of equitable estoppel require the Respondent to issue the license sought in this case is without merit in fact or law.

Based upon the foregoing, it is RECOMMENDED:

1. That the Respondent enter a Final Order dismissing the Petitioners' application for a quota liquor license.

2. That the Respondent enter a Final Order denying the Petitioners' second application for an alcoholic beverage license.

3. That the Respondent enter a Final Order immediately granting the Petitioners a temporary alcoholic beverage license, to be held in escrow by DABT until the zoning dispute is resolved.

4. That the Respondent enter a Final Order placing the third application for an alcoholic beverage license in abeyance until the circuit court resolves the zoning matters between Bay County and the Petitioners.

DONE AND ENTERED this 19th day of January, 1989, at Tallahassee, Florida.