541 So.2d 677 (1989)
INVERNESS CONVALESCENT CENTER, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES; Florida Convalescent Centers, Inc.; Health Care and Retirement Corporation of America; and Health Care Associates, Appellees.
No. 88-1033.
District Court of Appeal of Florida, First District.
March 16, 1989.
*678 Beth E. Antrim-Berger of Culverhouse & Dent, Sarasota, for appellant.
R.S. Power, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee, Dept. of Health and Rehabilitative Services.
Robert P. Daniti, Tallahassee, for appellee, Florida Convalescent Centers, Inc.
Alfred W. Clark, Tallahassee, for appellee, Health Care and Retirement Corp. of America, Inc.
Christiana T. Moore and F. Philip Blank of F. Philip Blank, P.A., Tallahassee, for appellee, Health Care Associates.
WIGGINTON, Judge.
Inverness Convalescent Center brings this appeal from the final order of the Department of Health and Rehabilitative Services denying its petition for a formal administrative hearing upon the Department's determination that the decision in Gulf Court Nursing Center v. Department of Health and Rehabilitative Services, 483 So.2d 700 (Fla. 1st DCA 1986)[1] could not be applied retroactively and that the relief sought by Inverness was barred by laches. Because we hold that Inverness has waived its challenge to the Department's granting of certificates of need to prior-batched applicants, we affirm.
Upon receiving notice in June 1985 that its application for a certificate of need had been denied on the express basis that there was no bed need in the applicable district *679 as the beds had been awarded to prior-batched applicants, Inverness petitioned for formal administrative review. After a hearing, the Department denied Inverness's application and Inverness appealed. In Inverness Convalescent Center v. Department of Health and Rehabilitative Services, 512 So.2d 1011 (Fla. 1st DCA 1987) (Inverness I), this Court affirmed the Department's denial of the CON on the basis that although the Department may have made a batching error in violation of the decision in Gulf Court Nursing Center v. Department of Health and Rehabilitative Services, Inverness nonetheless had pursued the wrong remedy for that potential error. Instead, we ruled that Inverness should have directly challenged the award of the certificates of need to appellees, who were the prior-batched applicants, claiming the right to comparative review. We also noted that even where no clear point of entry had been provided regarding the award of CONs to appellees, the proper remedy, as was the case in NME Hospitals, Inc. v. Department of Health and Rehabilitative Services, 492 So.2d 379 (Fla. 1st DCA 1986), would have been to challenge belatedly the prior award of the CONs.
This Court's opinion in Inverness I became final on October 6, 1987, and in March 1988 Inverness filed a petition for formal proceedings challenging the Department's denial of its application for a CON and the issuance of CONs to appellees, requesting that those CONs be declared void. Appellees filed motions to dismiss the petition, predicating their arguments in part on the basis of waiver. The petition was denied upon the Department's determination that Gulf Court could not be applied retroactively and that the relief sought was barred by laches.
Although we disagree with appellees' position that Gulf Court may not be applied retroactively,[2] we would hold that the petition for formal administrative hearing was properly dismissed on the basis that Inverness is barred from raising this issue on the basis of waiver. In Gulf Coast Home Health Services of Florida, Inc. v. Department of Health and Rehabilitative Services, 515 So.2d 1009 (Fla. 1st DCA 1987), this Court capsulized the question appropriate to the instant case when it stated, "The question in the present case is whether appellant timely exercised [the right to seek relief] and, if not, whether the untimely exercise thereof is excusable. See NME Hospitals, Inc. ..." 515 So.2d at 1010. (Emphasis added.) As was evident by this Court's opinion in Inverness I, Inverness did not timely exercise its right to seek relief when it challenged the denial of its own certificate of need instead of raising the possible Gulf Court violations by direct challenge in each proceeding in which it felt CONs were improperly awarded to other prior-batched applicants. We held, "The proper remedy for violation of one's right to comparative review is to seek enforcement of that right in the competing applicant's proceeding  not to seek the award of a CON for even more beds after the unchallenged award has become final."
Moreover, this Court's decision in Inverness I should not be read as having authorized Inverness to return to the administrative arena to challenge appellees' CONs. This Court clearly informed Inverness that it should have, at the very least, sought a belated review as was done in NME Hospitals. Inverness had a clear point of entry to do so when it received the denial of its application for a certificate of need which denial expressly referenced the fact that CONs had been granted to prior-batched applicants. At that point in time, Inverness had reached the same juncture to which the appellant in NME Hospitals had arrived when it immediately exercised, albeit somewhat untimely, its right to seek relief by way of a comparative review against the other CON applicants. Instead, *680 Inverness allowed nearly three years to pass before it sought comparative review, during which time some of the appellees completed construction of their facilities. Thus, Inverness not only failed to timely exercise its right to seek relief, its untimely exercise thereof was not excusable under the principles set forth in NME Hospitals. Consequently, by Inverness's pursuing an improper remedy and then untimely pursuing a proper remedy, it waived its clear point of entry and right to seek relief from the Department's decision denying it a certificate of need. Gulf Coast Home Health Services.[3]
Accordingly, we affirm the Department's denial of appellant's petition for a formal administrative hearing.
AFFIRMED.
WENTWORTH and THOMPSON, JJ., concur.
NOTES
[1] In Gulf Court we gave full effect to the "fixed pool" principle in Bio-Medical Applications of Clearwater, Inc. v. Department of Health and Rehabilitative Services, 370 So.2d 19 (Fla. 2d DCA 1979) by holding that applications for CONs addressing a projected bed need may not be comparatively reviewed with applications for CONs addressing a bed need described in a subsequent plan until the former are updated pursuant to the administrative rules so as to allege the essential elements of the newly projected bed need.
[2] Obviously, Gulf Court has been applied retroactively, see e.g., NME Hospitals, Inc. v. Department of Health and Rehabilitative Services, since it did not amount to a change in the law or a decision overruling a prior judicial interpretation of the statute. Consequently, the authorities cited by appellees for the proposition that it may not be retroactively applied are distinguishable.
[3] In reaching our decision on the basis of waiver, we need not reach the Department's second reason for denying Inverness's petition for an administrative hearing on the basis of laches.